Floyd W. Bybee, #012651
**FLOYD W. BYBEE, PLLC**
2173 E. Warner Road, Suite 101
Tempe, Arizona 85284
Office: (480) 756-8822
Fax: (480) 756-8882
floyd@bybeelaw.com

Attorney for Plaintiffs

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

|  |  |
|---|---|
| **Brian Skorey, and Gail M. Rothman,** husband and wife;<br><br>Plaintiffs,<br><br>v.<br><br>**Bursey & Associates, P.C.,** an Arizona corporation;<br>**UNIFUND C.C.R. PARTNERS,** a New York Partnership;<br><br>Defendants. | No.<br><br>**COMPLAINT**<br><br>(Jury Trial Demanded) |

Plaintiffs, Brian Skorey and Gail M. Rothman, by and through counsel undersigned and in good faith, allege as follows:

### I. PRELIMINARY STATEMENT

1.    Plaintiffs bring this action for damages based upon Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§1692 *et seq.* (hereinafter "FDCPA"). In the course of attempting to collect a debt allegedly owed by Plaintiffs, Defendants engaged in deceptive, unfair and / or abusive debt collection practices in violation of the FDCPA. Plaintiffs accordingly seek

to recover actual damages, and statutory damages, as well as reasonable attorney's fees and costs.

## II.  STATUTORY STRUCTURE OF FDCPA.

2. Congress passed the FDCPA to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent state action to protect consumers against debt collection abuses. FDCPA § 1692.

3. The FDCPA is designed to protect consumers who have been victimized by unscrupulous debt collectors regardless of whether a valid debt exists.  <u>Baker v. G.C. Services Corp.</u>, 677 F.2d 775, 777 (9th Cir. 1982).

4. The FDCPA defines a "consumer" as any natural person obligated or allegedly obligated to pay any debt.  FDCPA § 1692a(3).

5. The FDCPA defines "debt" as any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject or the transaction are primarily for personal, family, or household purposes.  FDCPA § 1692a(5).

6. The FDCPA defines "debt collector' as  any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection  of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.  FDCPA § 1692a(6).

7. Any debt collector who fails to comply with the provisions of the FDCPA is liable for any actual damage sustained; statutory damages up to $1,000; attorney's fees as determined by the Court and costs of the action. FDCPA § 1692k.

### III.  JURISDICTION

8. Jurisdiction of this Court, over this action and the parties herein, arises under 15 U.S.C. §1692k(d) (FDCPA), and 28 U.S.C. §1337.  Venue lies in the Phoenix Division of the District of Arizona as Plaintiffs' claims arose from acts of the Defendants perpetrated therein.

### IV.  PARTIES

9. Plaintiffs are citizens of Maricopa County, Arizona.

10. Plaintiffs are allegedly obligated to pay a consumer debt and are "consumers" as defined by FDCPA §1692a(3).

11. Defendant Bursey & Associates, P.C. ("Bursey") is an Arizona professional corporation registered and doing business in the state as a law firm.

12. Bursey regularly collects or attempts to collect debts owed or asserted to be owed or due another and is a "debt collector" as defined by FDCPA §1692a(6).

13. UNIFUND C.C.R. PARTNERS ("Unifund") is a New York Partnership doing business in Arizona at the address of P.O. Box 35052, Phoenix, Arizona 85069.

14. Unifund regularly collects or attempts to collect debts owed or asserted to be owed or due another, or debts it has purchased after default, and is a "debt collector" as defined by FDCPA §1692a(6).

15. Unifund is licensed as a collection agency by the Arizona State Banking Department, license number 0907503.

16. At all times relevant herein, Bursey was acting on behalf of and as agent for Unifund.

### V.  FACTUAL ALLEGATIONS

17. On or about November 21, 2003, Unifund sent Plaintiffs a letter concerning

- 3 -

the collection of a debt previously owed to Citibank and allegedly purchased by Unifund.

18. Unifund later hired Bursey to assist it in the collection of the alleged debt from Plaintiffs.

19. On October 25, 2004 Bursey filed suit against Plaintiffs on behalf of Unifund in Maricopa County Superior Court claiming Plaintiffs owed Unifund the sum of $8,728.83, plus accruing interest from the default date of September 26, 2001, for a total of $15,141.36.

20. Plaintiff Gail Rothman answered the complaint on November 22, 2004.

21. On January 28, 2005, Bursey filed a Motion for Judgment dated January 24, 2005, attesting that a copy of the Motion had been mailed to Plaintiffs on January 24, 2005. However, the envelope in which the copy of the Motion for Judgment was delivered to Plaintiffs had a postmark date of February 7, 2005.

22. In addition, on January 28, 2005 Bursey filed a Motion for Award of Attorneys' Fees dated January 24, 2005, again attesting that a copy of the Motion had been mailed to Plaintiffs on January 24, 2005. In fact the motion was not mailed to Plaintiffs until February 7, 2005.

23. At that time, Plaintiffs hire counsel to represent them in the Superior Court action.

24. On February 23, 2005, Plaintiffs' attorney made an appearance in the case, sending a copy of the Notice of Appearance on February 23, 2005 to Bursey at the address listed in the Complaint.

25. On February 23, 2005, Plaintiffs through counsel filed a Response in opposition to Unifund's Motion for Judgment and Motion for Award of Attorneys' Fees and Costs. A copy of this response was also mailed on February 23, 2005 to Bursey at the address listed in the Complaint.

26.     On March 7, 2005, Bursey filed a Motion for Summary Arbitration Award dated March 2, 2005 and therein attested that a copy of the Motion had been mailed to Plaintiffs on March 2, 2005.  In fact, the envelope in which the copy of the Motion for Summary Arbitration Award was delivered to Plaintiffs had a postmark date of March 3, 2005.

27.     Despite the fact that Bursey had knowledge that Plaintiffs were now represented by counsel in the Superior Court case, Bursey sent the Motion for Summary Arbitration Award directly to Plaintiffs at their home address.

28.     On March 7, 2005, Bursey also filed an Application for Entry of Default with the court. In the Application, either attorney Barry Bursey or attorney Jon H. Buschhorn swore under oath that "I mailed a copy of this application and affidavit to the defaulting parties at the following address 4314 East Melinda Lane; [sic] Phoenix, AZ 85050 and their attorney NONE, on March 2, 2005."

29.     The Application for Entry of Default also stated that "This default will be effective against defaulted parties named above 10 days after the filing of this application unless said parties plead or otherwise defend prior to the expiration of said 10 days."

30.     The envelope in which the Application for Entry of Default was mailed is postmarked March 7, 2005, five days after Bursey swore under oath that it was mailed.

31.     The Application for Entry of Default was mailed directly to Plaintiffs even though Bursey knew or should have known that Plaintiffs were represented by counsel in the Superior Court case and concerning the alleged debt.

32.     On May 2, 2005, Bursey filed a Notice of Service of Disclosure Statement dated April 12, 2005 which stated that he had mailed a copy of the disclosure statement and a copy of the notice on April 12, 2005.  The envelope which

contained the Notice of Service and the Disclosure Statement was postmarked May 10, 2005.

33.   On October 1, 2005, the Superior Court case was dismissed for lack of prosecution.

34.   On December 8, 2005 Bursey mailed directly to Plaintiffs a form letter concerning the Unifund debt.

35.   At the time the December 8, 2005 letter was sent, Bursey knew or should have known that Plaintiffs were represented by counsel concerning the alleged debt.

36.   At the time Bursey sued Plaintiffs on behalf of Unifund, the alleged debt was past the applicable statute of limitations.

37.   Upon information and belief, Bursey's collection practices regularly include contacting consumers who are represented by counsel.

38.   Upon information and belief, Defendants' collection practices regularly include suing consumers on stale debts.

39.   Unifund is vicariously liable for the actions of its attorneys.

40.   As a result and proximate cause of Defendants' actions, Plaintiffs have suffered actual damages.  These damages include, but are not limited to, emotional distress, humiliation, and embarrassment.  Plaintiffs have also incurred the costs of retaining counsel to defend them in the Superior Court action.

41.   Defendants' actions were intentional, willful, and in gross or reckless disregard of the rights of Plaintiffs and as part of its persistent and routine practice of debt collection.

42.   In the alternative, Defendants' actions were negligent.

## VI.  CAUSES OF ACTION

### a.  Fair Debt Collection Practices Act

43.   Plaintiffs repeat, re-allege, and incorporate by reference the foregoing paragraphs.

44.   Defendants' violations of the FDCPA include, but are not necessarily limited to, 15 U.S.C. §§ 1692c(a)(2), 1692d, 1692e, 1692e(2)(A), 1692e(5), and 1692e(10).

45.   As a direct result and proximate cause of Defendants' violations of the FDCPA, Plaintiffs have suffered actual damages for which Defendants are liable.

## VII.  DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial on all issues so triable.

## VIII.  PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request that judgment be entered against Defendants for:

a)   Statutory damages of $1,000 pursuant to §1692k;

b)   Actual damages in an amount to be determined at trial;

c)   Costs and reasonable attorney's fees pursuant to §1692k; and

d)   Such other relief as may be just and proper.

DATED ____February 2, 2006____ .

                            s/ Floyd W. Bybee
                            Floyd W. Bybee, #012651
                            **FLOYD W. BYBEE, PLLC**
                            2173 E. Warner Road, Suite 101
                            Tempe, Arizona 85284
                            Office:  (480) 756-8822
                            Fax: (480) 756-8882
                            floyd@bybeelaw.com
                            Attorney for Plaintiffs